IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| M S INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-01296-S-BT |
| | § | |
| KIVA STONE LLC, an Illinois | § | |
| Limited Liability Company; and | § | |
| DOES 1 through 10, inclusive, | § | |
| | § | |
| Defendants. | § | |

**ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT, AWARDING ATTORNEYS' FEES, QUASHING SUBPOENAS, AND REQUIRING RULE 26(f) MEETING & PROPOSALS FOR CONTENTS OF A SCHEDULING ORDER**

Defendant Kiva Stone LLC (Kiva) seeks to set aside the Clerk's Entry of Default (ECF No. 14) and to quash certain subpoenas Plaintiff M S International, Inc. (MSI) served on Kiva prior to Kiva's appearance in this lawsuit. *See* Mot. (ECF No. 19). As explained in this Order, the Court finds good cause to set aside the Clerk's Entry of Default and GRANTS Kiva's Motion.[1] The Court ORDERS Kiva to

---

[1] The District Court referred this case to the United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b). Elec. Order. (ECF No. 16). Section 636(b) provides authority for a magistrate judge to hear and determine non-dispositive pretrial matters. Discovery motions—like Kiva's pending motion to quash—are non-dispositive pretrial matters. Additionally, where no default judgment has been entered, a motion to set aside only a Clerk's Entry of Default is a non-dispositive pretrial matter. *See Goodwin v. Hatch*, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018), *aff'd*, 781 F. App'x 754 (10th Cir. 2019) (citing cases); *Allstate Fire & Casualty Ins. v. Novosad*, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) ("A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default judgment) is considered a non-dispositive motion that

1

file an answer or other responsive pleading to MSI's complaint within 21 days of the date of this Order, and also ORDERS Kiva to pay MSI's reasonable attorney's fees incurred in obtaining the Entry of Default and responding to Kiva's Motion to set aside the default. The Court also GRANTS Kiva's request to quash the subpoenas, but expressly defers making any ruling on Kiva's objections to MSI's discovery requests. MSI may serve discovery on Kiva after the Court enters a pretrial scheduling order. Finally, the Court ORDERS counsel for MSI and Kiva to meet and confer in accordance with Fed. R. Civ. P. 26(f) and—no later than 30 days from the date of this Order—to file a joint report containing specific proposals for the contents of a scheduling order.

I.

This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and trademark infringement, unfair competition, and unjust enrichment under Texas law. According to MSI, it is "one of the leading distributors of flooring, countertop, wall tile and hardscaping products in North America." Compl. 3. (ECF No. 1). It is also "among the top importers of natural stone in the world." Compl. 3. One of MSI's most successful product lines is quartz, and MSI advertises its quartz products using unique trademarks, including the marks that are the subject of this lawsuit. Compl. 4.

---

a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A)[.]"). *Cf. Parks v. Collins*, 761 F.2d 1101, 1104–05 (5th Cir. 1985) (holding a magistrate judge lacks authority to enter an order setting aside default judgment without the parties consent).

Allegedly, Kiva directly competes with MSI in the natural stone products industry[2] and uses numerous trademarks in connection with its sale of quartz that are identical or confusingly similar to MSI's marks. Compl. 8.

On January 21, 2022, an attorney for MSI sent a letter to Kiva's office in Dallas, addressed to "To Whom It May Concern," demanding that Kiva stop using MSI's marks in connection with Kiva's sale of quartz and other similar products. Compl. 8; *see also* Resp. Ex 2. (ECF No. 20-3). Four days later, "Jay S" sent an email to MSI's counsel stating "[w]e received attached notice from you. Our attorneys would need 30-60 days to look into this for our response." Compl. 8; *see also* Resp. Ex 3. (ECF No. 20-4). Throughout February and March, MSI's counsel sent several follow-up emails to Jay inquiring as to whether Kiva had stopped using MSI's marks. Compl. 8-9. Jay responded that Kiva was working on complying with MSI's demand, but MSI was not wholly satisfied with Kiva's efforts. Compl. 8-9.

Accordingly, MSI filed this lawsuit against Kiva on June 15, 2022. Compl. (ECF No. 1). MSI's local counsel in Dallas signed the complaint. *Id.* The next day, on June 16, MSI's process server hand delivered a summons and copy of the complaint to Kiva's Registered Agent, Prachi Rathore, in Lewisville, Texas. Aff. Service. (ECF No. 8). Later the same day, Jay sent MSI's attorney a screen shot of

---

[2] MSI, an Indiana corporation that has its principal place of business in California, has a showroom in Dallas, Texas; Kiva, an Illinois limited liability company, also has a "regular and established place of business" in Dallas. Compl. 2.

the complaint and asked, "Can you help with this . . . ?" Resp. Ex. 4 (emails). (ECF No. 20-5).

On July 13, MSI's counsel emailed Jay and informed him that Kiva's deadline to respond to the Complaint expired on July 7, but Kiva had not filed a response. *See* Req. Entry Default 2-3. (ECF No. 13); Oines Decl. (ECF No. 13-1). MSI's counsel warned Jay that MSI would seek entry of default against Kiva if Kiva did not file a response before July 20. *See* Req. Entry Default 2-3. (ECF No. 13). 2.; Oines Decl. (ECF No. 13-1). Jay responded: "we had already responded to you. All necessary action were taken." (ECF No. 20-6).

On July 21, MSI filed a Request for Clerk's Entry of Default (ECF No. 13), which the Clerk subsequently granted (ECF No. 14). MSI then moved for discovery regarding damages so it could seek a default judgment. *See* Disc. Mot. (ECF No. 15). The Court granted MSI leave to conduct limited discovery, Ord. (ECF No. 17), and MSI served two Rule 45 subpoenas on Kiva through its registered agent on August 5. Resp. 6. Two weeks later, on August 19, Kiva, through counsel, filed the pending Motion to Set Aside Entry of Default and Quash Subpoenas. (ECF No. 19).

Kiva contends that the Court should set aside the Entry of Default because its failure to answer was a result of excusable neglect; it has meritorious defenses; and MSI would not be prejudiced if the default was set aside. Def.'s Br. 3-6. (ECF No. 19-1). With respect to its request to quash the subpoenas, Kiva contends that, if the Entry of Default is set aside, the subpoenas should be quashed as moot; and if the default is not set aside, the subpoenas should be quashed because they seek

4

confidential commercial information in violation of Federal Rule of Civil Procedure 45(d)(3)(B). *Id.* 6-7. MSI filed a response in which it urges the Court not to set aside the Entry of Default because Kiva's failure to answer was willful, and not to quash the subpoenas because there is no good cause for doing so.[3] (ECF No. 20). Kiva filed a reply. (ECF No. 22).

II.

"It is a basic tenant of . . . jurisprudence that the law abhors a default." *Rehab Choice Inc. v. CLC Healthcare, Inc.*, 2007 WL 1944344, at *2 (N.D. Tex. July 2, 2007) (internal quotation marks and citation omitted). Therefore, Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000). The good cause standard is a liberal one, and trial courts have wide discretion in deciding whether or not to set aside a default. *See Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

To determine whether good cause exists, the Court considers: (1) whether the default was willful; (2) whether setting aside the default would prejudice the

---

[3] MSI objects that Kiva's motion is improper because Kiva failed to comply with Local Rule 7.1, which requires the moving party to confer with opposing counsel before filing a motion to determine whether the motion is opposed. N.D. Tex. L.R. 7.1. Here, counsel for both parties had discussions about Kiva's requested relief but could not come to an agreement. Given the time-sensitive nature of the request to quash, Kiva filed its motion prior to receiving a final answer from MSI as to whether the motion was opposed. In view of the fact that MSI opposes the relief requested, the Court finds that MSI was not prejudiced by any failure to strictly comply with Local Rule 7.1.

non-defaulting party; and (3) whether the defaulting party can present a meritorious defense. *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018). These factors are nonexclusive; another factor considered by courts is whether the defaulting party acted expeditiously to correct the default. *Lacy*, 227 F.3d at 292; *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563. Furthermore, "[a] motion to set aside default usually arises at a point when final judgment has not been rendered" and while courts apply "essentially the same standard to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment." *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

  First, Kiva argues that its failure to answer was not willful, but rather, a result of excusable neglect. Def.'s Br. 3. The "willfulness factor is reviewed under the 'excusable neglect' standard of Federal Rule of Civil Procedure 60(b)." *PHP Agency Inc. v. Martinez*, 2022 WL 4280653 (N.D. Tex. Sept. 14, 2022), reconsideration denied, 2022 WL 4537889 (N.D. Tex. Sept. 27, 2022) (internal quotations and citations omitted). But "[e]xcusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account all relevant circumstances of the party's failure to act within the required time." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008).

  The Fifth Circuit has defined willfulness as an "intentional failure to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008). Courts look

6

to whether the defendant's failure to respond amounts to "playing games" with the court. *See Lacy*, 227 F.3d at 292. While failure to respond because of mistake alone does not require that a court find willfulness, repeated and unexplained delays "encroach[es] on the sort of behavior [that the Fifth Circuit has] decried as playing games with the court." *Compare Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123-24 (5th Cir. 2008) (concluding that the defendant's confusion about the duty to respond to the complaint did not require a finding that her default was willful) *and Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015) (upholding the district court's finding of willfulness when the defendant did not offer an explanation for its failure to respond) (quoting *In re Chinese-Manufactured Drywall Prods.*, 742 F.3d 576, 595 (5th Cir. 2014)).

Kiva contends that its failure to timely file a response to MSI's complaint was not intentional or in bad faith. *See* Def.'s Mot. To the contrary, Kiva asserts that it acted in good faith to attempt to resolve this dispute without resort to litigation. For example, Jay engaged in discussions with MSI's counsel over the course of approximately six months in an attempt to resolve this matter. Def.'s Br. 3. Indeed, such discussions remained on-going even after MSI filed its complaint, and up to the date MSI filed its motion for entry of default. *Id.* Further, because Kiva did not retain counsel until after the Entry of Default was docketed, Kiva did not understand the legal significance of the events that were unfolding. *Id.* Kiva insists it did not intentionally refuse to respond to the complaint. Rather, its failure

7

to timely file a response was due to its unawareness of governing procedures and its belief the matter would be resolved informally. *Id.*

MSI opposes setting aside the Entry of Default. It argues that Kiva acknowledged it was served with the complaint and was warned that, if it did not file an answer, MSI would move for entry of default. Pl.'s Resp. Br. (ECF No. 20-1). Yet, instead of filing an answer, Jay emailed MSI's counsel: "[w]e have already responded to you. All necessary actions were taken." Resp. Ex. 4 (emails). (ECF No. 20-5). MSI contends that Kiva's default was willful, or "at a minimum, it was grossly careless," so Kiva is not entitled to set aside the Entry of Default.

Although MSI is correct that Kiva's ignorance of the law and rules of procedure is not an excuse, *see Pioneer Inv. Servs. Co.*, 507 U.S. at 380, the Court finds that Kiva's failure to timely file a response was not intentional. Kiva was not "playing games with the court;" *at most*—Kiva's reliance on its lay employees to negotiate the matter and its failure to engage counsel until after the Entry of Default was careless. And to the extent this carelessness may constitute "excusable neglect," it does not rise to the level of conduct that typically warrants a finding of willfulness in the context of a motion to set aside an entry of default. *See, e.g., Jenkens & Gilchrist*, 542 F.3d at 123-24 (concluding that defendant's confusion about the duty to respond to the complaint did not require a finding that her default was willful); *Lacy*, 227 F.3d at 292 (concluding that defendant's default was not willful when it "made repeated contacts with [the plaintiff] in an attempt to resolve the suit" after service); *Joe Hand Promotions, Inc. v. Valdez*, 2014 WL

8

30437, at \*2 (N.D. Tex. Jan. 3, 2014) (Lindsay, J.) (concluding that *pro se* defendant's negligence in failing to file an answer did not constitute willfulness).

Second, Kiva contends it has several meritorious defenses to MSI's allegations, namely that MSI's trademarks are not protectable because "consumer confusion is unlikely" and the "highly descriptive marks" "wholly lack secondary meaning among consumers" and "do not serve as source identifiers." Def.'s Br. 5. (ECF No. 19-1). MSI does not dispute this factor.[4] Further, "[t]he standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the "absence of meritorious defense" criterion. *J & J Sports Productions, Inc. v. Moso Ventures, Inc.*, 2012 WL 3846536, at \*2 (N.D. Tex. Aug. 10, 2012), report and recommendation adopted, 2012 WL 3846514 (N.D. Tex. Sept. 5, 2012) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). "A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Id.* (quoting *Keegel*, 627 F.2d at 374). Kiva, therefore, has met

---

[4] MSI argues that because Kiva was willful in its failure to Answer, the Motion should be denied. MSI does not continue to analyze the other factors. *See* Pl.'s Br. 10. While "willful failure alone may constitute sufficient cause for refusing to set aside an entry of default," the Court may continue its "good cause" analysis. *Beall v. Cockrell*, 174 F. Supp. 2d 512, 517 (N.D. Tex. 2001) (Fitzwater, J.); *see also Alfarouqi v. Tri-Speed Inv., Inc.*, 2013 WL 5314436, at \*4 (N.D. Tex. Sept. 23, 2013) (Lindsay, J.) (setting aside the default without deciding whether it was willful); *Sw. Bell Tel. Co. v. Raza Telecom, Inc.*, 2013 WL 11330884, at \*2 (N.D. Tex. Nov. 22, 2013) (Solis, J.) ("Even if the Court found [that the defendant willfully defaulted], the liberal standard of Rule 55(c) would require the Court to find good cause since the remaining factors are met.").

this low burden; the Court finds that Kiva presented meritorious defenses. This factor weighs in favor of setting aside the Entry of Default.

Third, Kiva contends MSI will not be prejudiced if the Court sets aside the Entry of Default. Under this factor, "there is no prejudice to the plaintiff where the setting aside of the default has done no harm . . . except to require it to prove its case. *Lacy*, 227 F.3d at 293 (internal quotations omitted). While it is true the default may have caused some delay, "mere delay does not alone constitute prejudice." *Id.* Rather, a plaintiff "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* MSI does not argue that it will be prejudiced by the Court setting aside the Entry of Default; nor does it dispute Kiva's assertion that "[n]o events have transpired that impact the accessibility of relevant documents or electronically stored information, or the availability of witnesses." Therefore, the Court finds that the "prejudice to plaintiff" factor also weighs in favor of setting aside the Entry of Default.

Lastly, Kiva argues that the Court should consider the fact that it expeditiously rectified its error. Here, Kiva filed its motion to set the default aside 29 days after the clerk issued the Entry of Default. Pl.'s Br. 6. This is considered expeditious. *See Joe Hand Promotions, Inc. v. Thibodeaux's Authentic Cajun Cooking LLC*, 2019 WL 5790112 at * 5 (N.D. Tex. Nov. 5, 2019) (holding defendants acted expeditiously by moving to set aside the default 34 days after it was entered by the clerk); *see also Rossignol v. Tillman*, 2011 WL 1303127, at *1-2 (E.D. La.

10

Mar. 30, 2011) (finding defendant acted expeditiously by filing its motion 30 days after entry of default). Thus, the Court finds this post-default conduct weighs in favor of setting aside the Entry of Default.

On balance, the relevant factors—particularly, Kiva's explanation for its default, the presence of meritorious defenses, the lack of prejudice, and Kiva's expediency in acting to rectify the default—demonstrates good cause exists to set aside the Clerk's Entry of Default. Therefore, the Court GRANTS Kiva's Motion and sets aside the Clerk's Entry of Default, issued on July 21, 2022 (ECF No. 14). The Court ORDERS Kiva to file an answer or other responsive pleading to MSI's complaint within **21 days** of the date of this Order.

### III.

Next, the Court considers MSI's request for "its attorneys' fees incurred in seeking entry of default and opposing this Motion." Resp. FN 4 (citing *Coleman v. United Subcontractors, Inc.*, 2016 WL 1129207, *4 (N.D. Tex. Jan. 20, 2016), report and recommendation adopted 2016 WL 1109416 (N.D. Tex. Mar. 22, 2016)). The Court determines that the position urged by MSI is a just resolution of this matter because Kiva's conduct necessarily caused MSI to incur attorney's fees in obtaining an entry of default and in responding to Kiva's Motion to Set Aside Default. *See Valdez*, 2014 WL 30437, at *2; *Coleman*, 2016 WL 1129207, at *4. Accordingly, the Court ORDERS Kiva to pay MSI the *reasonable* attorneys' fees it incurred in seeking the Entry Of Default and in responding to Kiva's Motion to Set Aside Default. MSI will provide Kiva with an invoice setting forth the amount of

fees incurred, supported by an appropriate affidavit and detailed billing statement, within **14 days** of this Order. Kiva will pay those fees within **30 days** of the date of this Order.

IV.

Having set aside the Clerk's Entry of Default, the Court also GRANTS Kiva's request to quash the subpoenas, but expressly defers making any ruling on Kiva's objections to MSI's discovery request. MSI may serve discovery on Kiva after the Court enters a pretrial scheduling order.

V.

Finally, the Court ORDERS counsel for MSI and Kiva to meet and confer in accordance with Fed. R. Civ. P. 26(f) and—no later than **30 days** from the date of this Order—to file a joint report containing specific proposals for the contents of a scheduling order.

Counsel will discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. Counsel will also make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), discuss any issues about preserving discoverable information, and develop an appropriate discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

The joint report must contain the following information:

> (1) A brief, but specific, description of the nature of the case and the contentions of the parties;
>
> (2) if any challenges to jurisdiction or venue are contemplated;

> (3) if any joinder of parties or amendments to pleadings are contemplated, and if so, a proposed deadline for joining parties and requesting leave to amend pleadings;
>
> (4) the status of discovery and a proposed deadline for completing discovery;
>
> (5) whether any dispositive motions are contemplated and if so, the proposed schedule for filing dispositive motions;
>
> (6) the status of settlement negotiations and whether this case is appropriate for mediation or some other form of alternative dispute resolution;
>
> (7) when the parties expect the case to be ready for trial;
>
> (8) whether the parties desire the Court to schedule a Rule 16 status conference; and
>
> (9) any other matters relevant to the status or disposition of the case, including any pertinent matters under Rule 16(c)(2).

The report must be signed by counsel for both parties. If the parties cannot agree on a particular proposal or recommendation, the report must set forth the nature of the disagreement and explain why agreement could not be reached.

The Court will enter a scheduling order following receipt of the parties' report. Until the Court enters the pretrial scheduling order, the Court finds good cause to delay discovery.

**SO ORDERED.**

February 10, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE